## SAMANTHA CLARK v. AUGUSTUS S. CLARK ET AL.

1. ACCOUNT FILED IN PROBATE COURT SHOWING DISTRIBUTION IS BINDING AND CONCLUSIVE IN ANOTHER ACTION.

> An account filed by an administrator in the probate court, and passed upon, showing distribution of an estate, is conclusive and binding upon the distributees, and, unless avoided by appeal or prosecution of error, is a bar, when filed in another action in another court, to a claim by a distributee, by setoff or otherwise, to the sum which, by said account, he is shown to have received.

2. BURDEN OF PROOF—ERRONEOUS STATEMENT CURED BY THE WHOLE CHARGE.

> A statement of the burden of proof which might possibly be erroneous if left to stand alone will not warrant reversal where, in view of the whole charge, the statement could not have misled the jury.

3. DUTY OF COUNSEL TO CALL COURT'S ATTENTION TO POSSIBLE OR EVIDENT OMISSIONS.

> It is the duty of counsel engaged in the trial of a cause, where they see that the court has possibly or evidently, in the charge to the jury, overlooked some matters, to call the court's attention to the omission.

4. OMISSION TO CHARGE NOT PREJUDICIAL ERROR UNLESS IN REGARD TO CONTROLLING ISSUE IN THE CASE.

> Where there are several distinct issues in the case, an omission to properly direct the jury upon a certain matter, is not prejudicial error unless such omission was in regard to a controlling issue in the case.

5. PLEA OF NO CONSIDERATION, STATED IN SO MANY WORDS, GOOD, WHEN.

> A plea of no consideration, if stated in so many words, though not artificially, is good, when no objection is raised until after verdict and judgment.

ERROR to the Court of Common Pleas of Licking county.

SMYSER, J.

The case of Samantha Clark v. Augustus S. Clark et al., is here on error to reverse the judgment of the court of common pleas. We have a paper here, in form a bill of exceptions, and styled a bill of exceptions. It does not contain the evidence pertinent to a single issue involved in the case that is sought to be brought before this court. But we have endeavored to extract from what is before us what was tried in the court below, and determine whether there was error. The petition of Samantha Clark embraced four different causes of action upon promissory notes, asking judgment for various amounts, and a foreclosure of a mortgage given by the defendant Augustus S. Clark and wife to secure the payment of these notes. A supplemental petition was filed during the progress of the case, alleging that all the notes are now due. To this petition an answer and cross-petition was filed, and an answer, an amended answer to amended petition and an additional answer. It was sought to make various defenses. One was that the notes set out in the petition were without consideration; that they were mere accommodation notes, so understood by plaintiff when she received them, and that they were not to be paid. Also a defense that in 1885, while Samantha Clark was administratrix of her husband's estate, Augustus S. Clark recovered a judgment against her, as such administratrix, in the sum of $2,100;

Clark v. Clark et al.

that this money received by him from her should have been credited upon that judgment. That the judgment had never been paid. Also that pending the administration of the husband's estate some controversy arose between the administratrix and widow, the heirs and Augustus S. Clark. That they endeavored to adjust and did adjust their difficulties by an agreement in writing, a copy of which is set out in the amendment to the amended answer. That by the terms of that written agreement, although he had a judgment for $2,100, he was to receive out of the moneys in the hands of his mother, as administratrix, the sum of $1,500, in discharge of his judgment, and as his full share in the estate ; that after the payment of that sum to him, the mother was to retain a thousand dollars of the assets of the estate for her own use and benefit, the residue to be divided among the other heirs. In the pleading styled "additional answer," a copy of the bond of Samantha Clark as administratrix is set out, and it is alleged that she had made no payments, and was indebted to him on this judgment in the sum of $2,100 ; and in several of these pleadings he avers that he is willing to have that money applied in payment of the debt, either from her as administratrix, or, if she is liable individually, offset whatever is due him against those notes. The issue is not very lucid, or very clear. To this, however, neither motion nor demurrer was interposed. A reply to that was filed in which Mrs. Clark admits the recovery of the judgment, but says that it was a default judgment obtained through the fraud of Augustus S. Clark practiced upon her; that he fraudulently, and without her knowing what she was signing, procured her to sign a waiver and enter her appearance ; she did not contest the claim, and the judgment was taken by default. She recites further, that in 1887 or 1888, after this agreement had been entered into by the mother, the other heirs and Augustus, she filed her final account in the probate court, in which account she states the amount due to Augustus at $1,500, the payment of the same, and a release or receipt, showing the receipt by him of the amount due him as his share in that estate.

Upon the issues thus made up, this case was tried to a jury. The jury found a general verdict in favor of the defendants. Upon that verdict, judgment was rendered, a motion for a new trial filed, and error is prosecuted here—not by a bill of exceptions, because the paper purporting to be a bill of exceptions does not contain any evidence at all, except the record of the probate court as to the filing of the account by Samantha Clark, and the receipt executed by Augustus S. Clark. The bill of exceptions recites that evidence was offered "tending to show that the $1,500, which, by the settlement agreement mentioned in the amendment of the answer and the reply thereto, was to be paid, had been paid." "And evidence was given by Augustus S. Clark tending to maintain the issues on his part." All the evidence that is here is, as I have said, the account in probate court. After the evidence was submitted, the court charged the jury. Before delivering the charge, however, the court was requested by the plaintiff to give some special requests, which the court refused. That is assigned for error. Some exceptions are taken to the charge as given, and it is also assigned for error that the court did not charge certain things that ought to have been given in the charge to the jury.

The first request made by the plaintiff was, "that if the final account of Samantha Clark as administratrix of the estate of Sylvester Clark,

deceased, shows that said Augustus S. Clark was paid the sum of $1,500 by said administratrix, and that said account was found correct by the probate court in March, 1886, and no objection has been taken thereto by said Augustus S. Clark, he is barred from claiming said sum of $1,500 in this action by way of setoff or otherwise."

The majority of the court think that ought to have been given. They take the view that an account filed by the administratrix in the probate court, and passed on, and especially where a part of it is in the nature of distribution, it is conclusive and binding, and the only way to get rid of the effect of it is by appeal or prosecution of error. Speaking for myself, I do not concur in that view. This administratrix was not required, in my judgment, to file this account there. I do not think the probate court could have cited her to have filed this account, and I think if the probate court would have seen proper he could have declined to have heard the account. It was an adjustment of family affairs, and with that the probate court, in my judgment, had nothing to do. But the majority of the court think, from the issue as presented, that this ought to have been given.

Plaintiff also requested the court to give the following instruction to the jury: "That in order to recover on the bond of the administratrix of Sylvester Clark, it must appear that defendant, Augustus S. Clark, demanded the payment of the $1,500 from the said administratrix." Whether that ought to have been given or not, we are unable to determine, because we have nothing before us showing just what the proof was, as to whether that charge would have been applicable or not.

The court, after stating the issues, said: "The burden of proof is upon the plaintiff." There had been a general denial interposed here, so that technically, perhaps, this was not wrong; but at any event, the court says this: "To maintain her action, she must satisfy you by a preponderance of the evidence of the truth of all the material allegations contained in her petition." If that were all of this charge, it might possibly be erroneous; but the court takes up specifically the claims of the defendant, and points out to the jury that the burden is upon the defendant in respect to each claim made by him by way of defense or counterclaim, or whatever sort of defense he was conducting to this proceeding. We think that the jury could not have been misled by that statement, from what followed subsequently in the charge in respect to the burden being upon the defendant.

Some exceptions were taken, and, without enumerating them all, several of them, we think, were properly taken. Several exceptions are taken because the court did not give in the charge to the jury certain matters. It does not appear from the record that the attention of the court was called to some of these matters that the court omitted to give in the charge to the jury. We think it is as much the duty of counsel engaged in the trial of a cause, where they see that the court has possibly or evidently overlooked some matter, to call the court's attention to the omission, as it is that of the court.

I have already indicated the errors that we think are apparent here. But, ought this judgment to be reversed? In Globe Ins. Co. v. Sherlock, 25 O. S., 50, I read from the second paragraph of the syllabus :

"Where the jury has been misdirected in reference to a controlling question in the case, the judgment should be reversed and a new trial granted, although the weight of evidence may seem to support the verdict."

The failure to direct the jury in respect to a controlling question involved might also be error. But that leads us to the consideration of the question of what was the controlling question in this case. Nobody can determine. We suspect by the finding of the jury that the controlling question in this case was the want of consideration in these notes. Because there was a general finding for the defendant that would simply go to defeat recovery on the part of the plaintiff, and, under the instructions as given by the court, and probably according to the proof, if the defendant was entitled to $1,500, he would have been entitled to a verdict for the difference between what was conceded on the notes and the $1,500. There were clearly, as I have indicated, distinct issues in this case. I read from Beecher v. Dunlap et al., 52 O. S., 64:

"When distinct issues are submitted to a jury, arising upon distinct defenses, and the verdict of the jury is general, the erroneous admission of evidence on one of the issues does not of itself render the judgment entered upon the verdict erroneous."

The case from which I have just read was a suit on a note. There were several defenses; a parol agreement made at the time of the execution; failure of consideration; fraud in obtaining the note, and a subsequent agreement. All these issues of fact were submitted. The court found that the parol evidence offered was incompetent. But the court say:

"We are of the opinion that the evidence was improperly admitted, as tending to vary the terms of a written instrument. The note became operative on its delivery, and the evidence could only tend to defeat it by establishing a condition subsequent, and, being in parol, was not competent for such purpose. But the issue on this defense was not the only one submitted to the jury, and as the verdict was general, for aught that appears from the record, the defendants may have been entitled to judgment upon one or all of the other defenses. Hence, on the authority of Sites v. Haverstick, 23 O. S., 626, the judgment must be affirmed.

So, here there were clearly distinct issues submitted to the jury, and a general verdict found; and, on the theory that the controlling issue was the want of consideration, we think there was no prejudicial error in the court not charging specially as to the effect of the record in the probate court.

Without going further, because this indicates sufficiently the views we have of this case, under the circumstances, we think this judgment should be affirmed.

I might add, however, that the want of consideration, as plead here, is not plead very artificially; but a want of consideration between the parties is a good defense, and, if stated in so many words that there was no consideration, is good; the party can, by motion, avail himself of the right to make that answer more definite and certain. In the Chamberlain v. R. R. Co., 15 O. S., 225, where in just so many words the plea was the want of consideration, upon the issue as thus made up the case went to trial, and, after verdict and judgment, complaint was made that the defense of the want of consideration was not properly stated. Judge White, in deciding the case, on page 250, says:

"It may be remarked, however, that so far as the evidence may have been deemed inadmissible on the ground of not conforming to the allegations in the pleadings, the objection should have been made when the evidence was offered, or, at least, before the close of the testimony,

so that the objection might have been obviated by amendment, if remediable in that way. See Hoffman v. Gordon & Bro., decided at the present term (15 Ohio St., 221). But in this case the defendant has set up as his second defense, in general terms, that the note was wholly without consideration, and void. This the plaintiff might have required to be made more definite, by a statement of the facts upon which the defense was based; but he waived this right, and joined issue. Under the broad issue thus chosen by the parties, any evidence would have been admissible, which tended to impeach or sustain the consideration of the note, and, it would have been clearly erroneous for the court to have required the jury to disregard all the evidence tending to prove a waiver by the defendant of the supposed conditions contained in the subscription."

No objection having been raised to the form of the plea, and want of consideration being clearly a defense to the note and submitted to the jury, and the jury having returned a general verdict, we cannot say that there is error in this record, and the judgment will be affirmed.

*J. R. Davies* and *S. M. Hunter*, for plaintiff in error.

*Waldo Taylor*, for defendants in error.